[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner seeks the restoration of 90 days "good time" credit to his record. He alleges that the loss of that credit was improper in that it is premised on a purported violation of the conditions of his supervised home release (SHR) status. This occurred prior to his being re-sentenced on other charges.
The respondent argues that the issue raised in the petition is moot because even if the 90 days were restored, it would have no effect on the petitioner's release date. This results from the petitioner being sentenced on other pending charges, following the original sentence to which the credit would apply.
While the pro se petitioner concedes this to be the case, he urges the court to grant the relief because of the underlying basis for the action taken and the harmful effect it has on his record and the potential to portray him in a less favorable light for future pre-release or other early release programs.
At issue is a Disciplinary Report, form CN 6200, which charges the petitioner with two violations of his SHR. The First Count alleges he was arrested and charged with robbery in the first degree, larceny, conspiracy, criminal use of a fire arm. The Second Count is for having a weapon in his possession and control, being the same weapon referred to in the First Count.
These charges were all dismissed and in the police incident report it was specifically noted that another person was in possession of the weapon in question.
The respondent did not address the alleged impropriety of depriving the petitioner of good time and leaving his record to indicate the commission of additional serious offenses.
As the petitioner argues, he has problems enough in view of his record without the respondent adding to them. There is also a basic inequity involved in saddling this defendant with improper charges. The implications for him could be serious and even with his record, he is entitled to due process where the action taken is likely to effect his incarceration status and possible release.
For these reasons, the Court concludes that this petition should be granted and the offending violations deleted from his record. CT Page 12016
Anthony V. DeMayo Judge Trial Referee